IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREEMAN COLE,

                         Plaintiff,                               OPINION AND ORDER

     v.

                                                       25-cv-922-wmc

GLORIA L. DOYLE and LA CROSSE
COUNTY COURT,

                        Defendants,

---

FREEMAN COLE,

                         Plaintiff,

                                                       25-cv-923-wmc

WISCONSIN STATE PUBLIC DEFENDER,
ARAYSA MARIE SIMPSON and
RANSOME NATHANIEL SPRINGER

                        Defendants,

---

Plaintiff Freeman Cole, a pretrial detainee who is representing himself, filed the two civil actions captioned above while confined in the La Crosse County Jail. Under 28 U.S.C. § 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 557 (2007). For the reasons explained below, the court denies plaintiff leave to proceed with either complaint and he will be issued two strikes.

OPINION

## I. '922 Case

In Case No. 25-cv-922, plaintiff raises federal claims against defendants La Crosse County Court and one of its judges, Gloria L. Doyle, under 42 U.S.C § 1983 for allegedly violating his constitutional rights during his ongoing state criminal prosecution for attempted first degree intentional homicide in La Crosse County Circuit Court Case No. 2023CF000937. Doyle was the presiding judge for portions of those ongoing criminal proceedings. Specifically, during her time presiding over the proceedings, plaintiff claims that Judge Doyle was "railroading" him by: (1) holding a hearing without him but with his defense counsel whom he wanted to fire; (2) refusing to allow him to represent himself; and (3) denying a bond assessment. For this alleged misconduct, plaintiff seeks ten million dollars, an apology, and an order preventing Doyle from ever again serving as a judge or practicing law.

Plaintiff has failed to state a claim upon which this federal court may grant relief. First, as to defendant Doyle, judges are entitled to absolute immunity from damages arising from judicial conduct. *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12(1991)). More specifically, judges are immune from § 1983 suits unless their actions were: (1) outside their judicial capacity; or (2) taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Whether presiding over hearings,

ruling on the adequacy or conduct of defense counsel, or denying bond assessments, all are unquestionably part of a judge's duty in managing a criminal proceeding. Thus, even accepting as true plaintiff's allegations that Judge Doyle's decisions in these matters were motivated by bias or corruption, this court has no basis to interfere. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Finally, because Judge Doyle is no longer presiding over plaintiff's criminal proceedings, plaintiff is not entitled to any injunctive relief related to her service as a judge. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (Injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat" from the defendant's actions). Accordingly, plaintiff's claims against Doyle must be dismissed for failure to state a claim.[1]

Second, as to the other defendant, La Crosse County Court, the court cannot allow plaintiff to proceed because that court "is not a legal entity separable from the county government which it serves." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Even assuming that plaintiff's claim was against La Crosse County, he still fails to state a claim. Municipalities and other local government units can be subject to liability under § 1983. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-

---

[1] Of course, should a federal constitutional violation occur, resulting in a wrongful conviction, plaintiff may still have an opportunity to appeal to the U.S. Supreme Court or by bringing a collateral attack in this court after exhausting his state appellate rights. Should he overturn his conviction, he may also have the right to seek civil damages, but such a claim is otherwise barred in federal court. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (party may not bring any claim for damages arising out of a criminal conviction if recovery would be inconsistent with that verdict).

3

91 (1978).  However, local governments are only liable for employees' actions taken pursuant to an unconstitutional policy or custom of the entity itself.  *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999).  Here, plaintiff's complaint contains *no* allegations that Judge Doyle was acting pursuant to an unconstitutional policy or custom of the County itself.  Indeed, plaintiff does not even mention La Crosse County Court in the body of his complaint.  Accordingly, plaintiff's claims against the La Crosse County Court must be dismissed for failing to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff does not state a claim against a defendant merely by listing that person as a party to the action in the case caption).

Finally, although the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal is appropriate here because the court cannot conceive of any amendment that would satisfy Federal Rule of Civil Procedure 8, and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

## II. '923 Case

In Case No. 25-cv-923, plaintiff also purports to assert federal claims against defendants Wisconsin State Public Defender and two of his formerly appointed attorneys, Araysa Marie Simpson and Ransome Nathaniel Springer, under 42 U.S.C § 1983 for allegedly violating his constitutional rights during the same ongoing state criminal prosecution, La Crosse County Circuit Court Case No. 2023CF000937.  However, plaintiffs cannot sue public defenders under § 1983 for performing traditional functions as counsel to a criminal defendant because they are not acting under "color of state law," a

requisite element of any § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant").

To the extent that plaintiff also purports to sue the Wisconsin State Public Defender, supervisory officials again "may not be held liable for the unconstitutional conduct of their subordinates" under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Under 42 U.S.C. § 1983, "a government official is only liable for his or her own misconduct." *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) (quoting *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015)); *Day v. Subsecretario del Sistema Penitenciario Federal*, 838 F. App'x 192, 193 (7th Cir. 2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). Plaintiff does not allege that the Wisconsin State Public Defender had any personal involvement in his criminal proceeding, much less engaged in any misconduct or consistent with some unconstitutional policy or procedure. Accordingly, plaintiff has failed to state a claim against the Wisconsin State Public Defender as well.

As with the complaint in Case '922, the complaint in Case '923 will also be dismissed without leave to amend as it does not appear from plaintiff's allegations that he will be able to state a viable federal claim and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1) Plaintiff's complaints in Case Nos. 25-cv-922 and 25-cv-923 are DISMISSED for failure to state a claim upon which relief may be granted.

2) The clerk's office is directed to give plaintiff two strikes under 28 U.S.C. § 1915(g).

Entered this 6th day of April 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge